IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: _____

JAMES S. GRADY,

    Plaintiff,

V.

JEREMY LAMBERT, aka "watergod", ET AL.

    Defendant.

---

**COMPLAINT FOR COPYRIGHT INFRINGMENT
AND TRADEMARK INFRINGMENT**

---

Plaintiff James S. Grady ("Grady" or "Plaintiff") files this complaint against Jeremy Lambert ("Lambert" or "Defendant") and alleges as follows:

### I. NATURE OF THE CASE

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C §§ et seq. (the "Copyright Act") and The Lanham Act 15 U. S. C. §§ et seq. (the "Trademark Act").

2. Plaintiff is the registered owner of the copyrights of a collective group of photographs and videos from the Colorado based web publication TrueTeenBabes (hereinafter the "Works") that Defendant has specifically targeted for mass infringement.

3. Plaintiff seeks redress for Defendant's rampant infringement of his exclusive rights in the Works, and for injunctive relief to prevent the Defendant from continuing to infringe upon Plaintiff's copyrighted Works.

4. Plaintiff is the registered owner of the exclusive trademark TrueTeenBabes™ which Defendant has wrongfully infringed, diluted and exploited on a large scale.

1

5. Plaintiff seeks further redress for Defendant's rampant infringement and dilution of his exclusive rights in the trademark TrueTeenBabes™, and for injunctive relief to stop Defendant from continuing to infringe upon Plaintiff's trademark.

6. Each time Defendant unlawfully distributes a copy of Plaintiff's copyrighted Works to others over the Internet, each recipient can then distribute that unlawful copy of the Works to others without degradation in quality. Thus, Defendant's distribution of even a single unlawful copy of the Works can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people. In this case, Defendant's copyright infringement is directly responsible for an infinite number of downstream infringements, each of which devalues Plaintiff's Works, property, rights and business.

7. Defendant's actions were willful and malicious in nature, entitling Plaintiff to enhanced damages. Plaintiff seeks statutory damages, an award of his attorneys' fees and costs of suit, as well as injunctive relief.

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. Seq., 28 U.S.C § 1331 and 28 U.S.C § 1338(a).

9. This Court has personal jurisdiction over Defendant who has purposefully availed himself to this jurisdiction as he has committed unlawful and tortuous acts both within and outside the district, and has specifically aimed his tortuous acts towards this district with full knowledge that his acts would cause injury in this district and that the negative consequences thereof would be felt within this district.

10. Plaintiff's claims arise out of Defendant's unlawful and tortuous conduct, targeted specifically at Plaintiff and Plaintiff's business in Colorado, which gives rise to personal jurisdiction over Defendant.

11. Defendant is party to a User Agreement that sets the terms upon which Defendant may use Plaintiff's website as a subscriber. In said User Agreement Defendant agrees to submit to jurisdiction in Colorado for any legal action to enforce Plaintiff's trademarks or copyrights. See Plaintiff's Exhibits 001 (Terms of Service) and 002 (Subscription Receipt).

12. Venue is proper in this District pursuant to 28 U.S.C § 1391(b) as a substantial part of the events giving rise to the claims occurred in this District or were targeted at this District, and all of the property that is the subject of this action is situated within this District.

### III. THE PARTIES
### A. Plaintiff

13. Plaintiff James S. Grady is a resident of Colorado doing business as Group Five Photosports and TrueTeenBabes™, inter alia, with his principal place of business in Littleton, Colorado. Plaintiff produces, markets and distributes premium quality entertainment products, including wholly original Internet content, Internet websites, videos, DVDs and photographs (hereinafter "Works").

14. Plaintiff has registered with the United States Copyright Office the Works identified in the paragraphs below. Plaintiff has taken industry standard steps to identify his products, including placing a copyright symbol and his Trademark on each individual photograph, and by placing recorded copyright warnings at the beginning and end of each individual video product. A sample Certificate of Copyright Registration is attached as Plaintiff's Exhibit 003 (United States Copyright Certificate VA 1-791-715).

15. Plaintiff's TrueTeenBabes™ trademark has been continuously used in commerce since at least July 2001. U.S. Trademark Registration #3,733,941. See Plaintiff's Exhibit 004 (United States Trademark Registration).

16. Plaintiff has expended considerable effort and expense in promoting the Trademark TrueTeenBabes™. As a result, the purchasing public has come to know, rely upon and recognize the mark TrueTeenBabes™ as an international brand of high quality products and entertainment.

17. Plaintiff owns the exclusive worldwide rights to his extensive archive of high-quality photographic Works, video Works and DVD Works and does not allow the Works to be used, reproduced, sold or distributed in any form by third parties.

18. Plaintiff has dedicated significant resources to create, distribute and protect his Works. In addition, Plaintiff dedicates resources to be in compliance with applicable laws in order to protect the integrity of his Works.

19. The viability and profitability of Plaintiff, and his Colorado based business, depend upon monies and revenue earned from Plaintiff's intellectual property, including copyrights in Plaintiff's photographs, films, DVDs, movies, videos and other creative Works marketed under his TrueTeenBabes™ Trademark.

### B. Defendant

20. Defendant Jeremy Lambert, who is also known by his alias' and screennames "watergod" and "irescueyou@gmail.com", among others, has been identified as a supplier of Plaintiff's copyrighted Works to illegal photo, video and DVD trading websites, pay to view websites, online forums, clubs and groups.

21. Defendant, has been using the above screennames and the email address irescueyou@gmail.com, along with other fake identifies, to become a prolific copyright violator since at least February of 2013 and during that time has distributed more than thirty three thousand of the Plaintiff's Works to which he has no rights or authority.

22. Defendant competes with Plaintiff, and illegally supplies Plaintiff's Works to others that compete with Plaintiff, in the distribution and sale of visual Works through Internet distribution.

23. Defendant, individually and with the support and coordination of others, acted willfully, knowingly and maliciously to execute the illegal and improper acts alleged herein in a common course or scheme to infringe on Plaintiff's intellectual property for illegal gain, profit and reward.

### IV. STATEMENT OF FACTS

24. Plaintiff is the registered owner of each and every individual Work illegally distributed by Defendant. The United States Copyright Office registrations being violated are noted on Plaintiff's Exhibit 005 (List of Copyright Registrations Violated).

25. Defendant is a prolific, and extremely malicious, copyright violator and distributor of the Plaintiff's Works and numerous other registered copyrights are also being violated. Plaintiff expects to amend his Complaint to include additional Certificate of Registration numbers as investigation and discovery continue.

26. The Internet, in conjunction with recent advances in technology, has resulted in the availability of effective means for circumventing intellectual property rights in nearly every industry, including online entertainment. The pervasive and intense online infringement is crippling the entertainment industries by providing unfettered, unregulated, free access to copyrighted Works originally produced by reputable businesses and persons, including Plaintiff.

27. These infringers are without any accountability to governmental requirements or regulations, without any actual investment in the creation of the Works, and without any commitment to the future of the entertainment industry. Nonetheless, these infringers utilize, display, and distribute copyrighted Works for which they have no right or proper license for their own commercial means and other significant financial benefits. Many infringers are rabid and determined in their actions and, like Defendant here, will maliciously continue to distribute the same materials over and over after they have been warned by the rightsholder. These actions by Defendant have caused and continue to cause significant damage to the business and reputation of the true rightsholder, Plaintiff, as well as to the viability and profitability of Plaintiff's Works.

28. The website TrueTeenBabes is a Colorado based online subscription publication created, owned and managed by Plaintiff. The name TrueTeenBabes™ is a United States Trademark registered to Plaintiff, and all content of the publication is covered by registered or pending copyrights. The publication offers a tour area and a DVD store, along with a subscriber area that can only be accessed by payment of a subscription fee. Once that payment is made the purchaser receives a unique username and password by email, and then the purchaser is able to access several thousand premium quality, copyright protected, photos, videos and stories produced by the Plaintiff. Online it is common for parties to refer to TrueTeenBabes by its initials "TTB" or the three word term "True Teen Babes".

29. The website known as XBBS.asia (XBBS) is a pornographic website and not the type of venue that Plaintiff would knowingly display his copyright protected Works or

Trademark. XBBS encourages users to post, display and distribute photos they have do not have rights too. Once posted the image is shown in a reduced sized. When the reduced size image is clicked upon XBBS displays the full size version in the center of a web page where any person, party or entity can download it to their own computer without compensation to the rightholder. If the Works wrongfully posted are from a popular source, such at Plaintiff's TrueTeenBabes publication, they are placed in a premium section that the XBBS website requires payment to access. Users of XBBS can also post sufficient quantities and/or qualities of materials such that the users are allowed access to the premium section of XBBS in consideration of the materials they have posted and without monetary payment.

30. In addition to that method of infringement Defendant painstakingly created and posted numerous .rar files containing large numbers of Plaintiff's Works, grouped by model name or publication date. The .rar file format is the equivalent of a digital envelope that can contain one or many photos or videos. When a copyright violator distributes a single .rar file it may contain a single copyright protected photo or video, or hundreds of copyright protected photos or videos and thus a single .rar file may represent one direct violation or hundreds of direct violations, dependant on the number of photos or videos enclosed within it, and downstream it may represent one, or tens of thousands, of direct, contributory and vicarious violations.

31. Each post of copyright protected materials to XBBS by violators, such as this Defendant, is a direct copyright infringement. Each time one of those illegally posted files is downloaded it becomes an additional direct infringement to which the original poster has materially contributed. Violators, such as this Defendant, have the right and ability to control the infringing acts of the other individuals, and the XBBS site, by simply deleting the files they had previously uploaded, but failing to do so makes them vicariously liable for further copyright infringement.

32. Defendant registered as a XBBS user in February of 2013 and has illegally provided them with the protected Works of Plaintiff, and other rights holders, since that date. Defendant used the email address of irescueyou@gmail.com and personally selected the login name of "watergod" during the XBBS registration process. To register at XBBS the user must

complete an online form, affirmatively agree to certain terms and conditions, and provide a working email address to which a verification email is sent. The user must then visit that email account, open that verification email and click a link containing a unique 24-digit code. The user is then returned to a verification screen at the XBBS website. This series of steps confirms that the email address is the true and correct email address of the user requesting access to the website. The XBBS website records and stores the user's IP address, email address, and other identifying information. Only the true and correct owner of the email address can register at XBBS.

33. Between April 5th, 2013 and May 15th, 2013 Defendant wrongfully posted on XBBS 33,875 of Plaintiff's works without authorization or permission. Defendant posted more than 1000 of the Works multiple times.

34. Due to the actions of Defendant on XBBS, Plaintiff's Works and Trademark have been illegally displayed more than 45,000,000 times collectively.

35. Copyright law states that any material that is "reproduced, performed, publicly displayed, or made into a derivative work without permission" is an illegal violation of the rights of the copyright holder. By its definition each view or download of Plaintiff's Works, as caused by Defendant, constitutes a separate and distinct instance of infringement. In this case the Plaintiff's Works have been viewed, without authorization or compensation, millions of times on one website alone, and illegally made available for download by Defendant for weeks without permission. With the enormous amount of Internet users who viewed the Defendant's illegal posts and used his file sharing account, the number of uncompensated views and duplications (downloads) grows daily thus furthering the number of copyright infringements attributed directly to Defendant and contributing to the further dilution of Plaintiff's Trademark.

36. Each of the 33,875 registered Works illegally shared on XBBS by Defendant was clearly marked with the copyright symbol and Plaintiff's Trademark TrueTeenBabes™.

37. Defendant did not seek permission to use Plaintiff's copyright protected Works for any purpose.

38. Under no circumstances has Plaintiff authorized the use of his copyright protected Works for commercial distribution by Defendant, or any website to which the Defendant acts as a supplier, nor does Plaintiff contemplate any circumstance under which he would do so.

39. The commercial value of Plaintiff's copyrights has been greatly diminished by Defendant's actions.

40. Defendant did not seek permission to use Plaintiff's Trademark for any purpose.

41. Under no circumstances has Plaintiff authorized the use of Plaintiff's Trademark for commercial purposes of Defendant, or any website to which the Defendant acts as a supplier, nor does Plaintiff contemplate any circumstance under which he would do so.

42. The commercial value of Plaintiff's Trademark has been greatly diminished by Defendant's actions.

43. Defendant's actions have caused irreparable injury to Plaintiff's reputation and goodwill, as well as that of his TrueTeenBabes™ Trademark and Copyrights.

## V. FIRST CAUSE OF ACTION
### (Copyright Infringement 17 U.S.C. § 501)

44. Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

45. Plaintiff is the registered copyright owner of the Works infringed upon by Defendant.

46. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Works and to distribute them. These are rights which Defendant willfully and maliciously infringed upon.

47. Defendant without the permission or consent of Plaintiff, has used, and upon information and belief, continues to use the internet and various web sites to reproduce and distribute Plaintiff's Works to the public, and/or make Plaintiff's Works available for reproduction and distribution to others, including other web site users. In doing so Defendant has directly violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's

actions constitute direct infringement of Plaintiff's Copyrights and exclusive rights under the Copyright Act.

48. Plaintiff is informed and believes, and on that basis alleges, that the foregoing acts of infringement were conducted by Defendant with willful and malicious intent.

49. As a result of Defendant's infringement of Plaintiff's Copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504(c), and to attorney fees pursuant to 17 U.S.C. § 505.

50. The conduct of Defendant is causing and will continue to cause Plaintiff great and irreparable injury. Such harm will continue unless Defendant is enjoined from such conduct by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's Copyrights, and ordering Defendant to destroy all copies of the Works made in violation of Plaintiff's exclusive rights under the Copyright Act.

## VI. SECOND CAUSE OF ACTION
### (Contributory Copyright Infringement)

51. Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

52. Without authorization, individuals have copied, reproduced, distributed, created derivative Works and publicly displayed Plaintiff's Works by and through XBBS thereby directly infringing Plaintiff's copyrights.

53. Defendant contributed to the infringing acts of those individuals and allowed, encouraged and induced those individuals to reproduce, distribute, and publicly display Plaintiff's Works by and through XBBS without regard to the ownership of the Works.

54. Defendant designed and created his posts at XBBS with the object and intent of promoting the infringement of Plaintiff's Copyright protected Works. As a direct and proximate result of such inducement, individuals have infringed Plaintiff's Copyrighted Works by reproducing, distributing, and publicly displaying such Works.

55. Defendant knew of the infringement, was conscious of his own infringement, and was conscious of the fact that multiple other persons derivatively, and illegally, downloaded Plaintiff's Works.

56. The infringement by other web site users could not have occurred but for Defendant's participation in sharing Plaintiff's protected Works. As such, Defendant's participation in the infringing activities of others is substantial.

57. Defendant profited from this contributory infringement by way of being granted access to a greater library of infringing Works on XBBS, some of which belonged to Plaintiff and some of which belonged to other copyright holders. Further, upon information and belief, Defendant profited from this contributory infringement by receiving commissions and/or other payments or benefits received from XBBS as one of their members and affiliates.

58. Defendant's acts of inducement to infringe were willful, malicious and in disregard of and indifference to Plaintiff's rights.

59. The willful acts and malicious conduct of Defendant, as alleged in this Complaint, constitute contributory copyright infringement.

## VII. THIRD CAUSE OF ACTION
### (Vicarious Copyright Infringement)

60. Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

61. Without authorization, individuals have reproduced, distributed, created derivative Works and publicly displayed Plaintiff's Works by and through XBBS thereby directly infringing Plaintiff's copyrights.

62. Defendant had the right and ability to control the infringing acts of the other individuals that violated Plaintiff's rights by simply deleting the posts he made to XBBS yet he willfully and maliciously chose not to do so.

63. Defendant received benefit from the infringing activities of others that he failed to control when he had the right and ability to do so.

64. The willful acts and malicious conduct of Defendant, as alleged in this Complaint, constitute vicarious copyright infringement.

## VIII. FOURTH CAUSE OF ACTION
### (Trademark Infringement – False Designation of Origin)

65. Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

66. Plaintiff holds the exclusive rights to the registered Trademark TrueTeenBabes™, has never licensed it to outside parties, nor does he contemplate any circumstance under which he would do so.

67. Defendant's repetitive use of the mark TrueTeenBabes™ in connection with displaying Plaintiff's Works constitutes a use in commerce that is likely to cause confusion and mistake and to deceive consumers as to the source or origin of the Works displayed and distributed by the Defendant on XBBS. Defendant's usage tends to deceive and confuse consumers into believing Defendant's illegal services and postings are affiliated with Plaintiff, are sponsored or approved of by Plaintiff, or are otherwise associated with or authorized by Plaintiff.

68. By engaging in the activities described above Defendant has made, and is making, false, deceptive and misleading statements constituting unfair competition, false designation of origin, and false advertising in connection with services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69. Defendant engaged in this course of action willfully, maliciously and with full knowledge and awareness of the superior Trademark rights of Plaintiff, and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendant's services are associated with, affiliated with or licensed by Plaintiff.

70. Defendant's acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Plaintiff and his Trademark and to the products, services and goodwill represented thereby, in an amount that cannot be ascertained at this time and,

unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

71. Plaintiff is entitled to recover all damages sustained as a result of Defendant's unlawful conduct, treble that amount, costs of this action, and reasonable attorneys' fees.

72. Plaintiff is entitled to injunctive relief against Defendant, restraining further acts of unfair competition, false designation of origin, and false advertising.

## IX. FIFTH CAUSE OF ACTION
### (Trademark Infringement – Dilution)

73. Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

74. Plaintiff holds the exclusive rights to the registered Trademark TrueTeenBabes™ which has become and at all times relevant has been "famous" within the meaning of 15 U. S. C. § 1125(c).

75. The websites to which Defendant has wrongfully posted Plaintiff's high-quality Works typically intermingle them with images of poor quality or of an offensive or illegal nature, as well as use the Works to promote the infringement of works belonging to other rightsholders. The acts of Defendant averred herein have lessened the capacity of Plaintiff's Trademark to identify and distinguish Plaintiff's services and products from those of Defendant and the pornographic websites he promotes and/or affiliates with, have tarnished the valuable image and reputation associated with the Trademark, and have created an undesirable, unwholesome, or unsavory mental association with Plaintiff and the TrueTeenBabes™ Trademark, damaging Plaintiff's goodwill and disparaging Plaintiff's rights in the TrueTeenBabes™ Trademark. Defendant's acts and conduct are in violation of 15 U. S. C. § 1125(c). Defendant willfully and maliciously intended to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's TrueTeenBabes™ Trademark.

76. Plaintiff is entitled to recover all damages sustained as a result of Defendant's unlawful conduct, treble that amount, costs of this action, and reasonable attorneys' fees.

77. Plaintiff is entitled to injunctive relief against Defendant, restraining further acts of Trademark infringement and dilution.

## X. PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(1) That the Court enter a judgement declaring that Defendant has:

    a. willfully infringed Plaintiff's rights in Federally registered copyrights under 17 U.S.C. § 501 no less than 33,875 times through his direct, contributory and vicarious acts;

    b. willfully violated Plaintiff's registered Trademark through his false designation of origin and Trademark dilution acts;

    c. otherwise injured the personal and business reputation of Plaintiff by his acts and conduct as set forth in this Complaint;

(2) That the Court issue an injunction providing that:

Defendant shall hereby be enjoined from directly or indirectly infringing upon the copyrights in these Works or any other Works, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's Works, to distribute (i.e., upload) any of Plaintiff's Works, or to make any of Plaintiff's Works available for distribution to the public, except pursuant to a lawful license or with Plaintiff's express consent.

Defendant shall destroy all copies of Plaintiff's Works that Defendant has downloaded onto any computer hard drive or server and shall destroy all copies of those downloaded Works transferred onto any physical medium or device in Defendant's possession, custody, or control.

Defendant shall hereby be enjoined from directly or indirectly infringing upon the Trademarks, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of

Plaintiff), including without limitation, except pursuant to a lawful license or with Plaintiff's express consent.

(3) Statutory damages for infringement of Plaintiff's copyrighted Works pursuant to 17 U.S.C. § 504 in an amount not less than $4,830,000 or if the Court finds Defendant's acts were willful in nature, justifying an award of up to $150,000 per infringement, not less than $24,150,000.

(4) That Defendant be ordered to pay $500,000 in damages for his willful Trademark infringement and dilution.

(5) That Defendant be ordered to pay punitive damages in an amount the Court deems just and proper.

(6) That Defendant pay to Plaintiff his reasonable attorney's fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a).

(7) That Defendant pay Plaintiff the costs of this action; and,

(8) For such other and further relief, either at law or in equity, general or special, to which Plaintiff may be entitled.

DATED: October 16th, 2013

Respectfully submitted,

MILLER & STEIERT, P.C.

_/s/ Mollie H_

Michael P. Miller
Mollie B. Hawes
1901 W. Littleton Blvd.
Littleton, CO 80120
(303) 798-2525
(303) 798-2526 (facsimile)
mollieh@m-s-lawyers.com

*Counsel for Plaintiff James S. Grady*

Plaintiff's Address:  James S. Grady
40 Littleton Bl, #210-220
Littleton, CO 80120