IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-02828-MSK-MJW

JAMES S. GRADY,

Plaintiff(s),

v.

JEREMY LAMBERT, aka "watergod,"

Defendant(s).

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Unopposed Motion for Withdrawal of Counsel (Docket No. 23) is GRANTED, and John A. Arsenault, Esq., is withdrawn as counsel for defendant Jeremy Lambert.  No response to this motion was received from defendant Lambert despite this court's notice to Mr. Lambert that he had until April 16, 2014, to do so (Docket No. 25).  Unless counsel enters an appearance on behalf of defendant Lambert, Mr. Lambert shall represent himself pro se and shall be responsible for all court dates, deadlines, and complying with all orders issued by the court.  Failure to do so may very well result in sanctions being imposed, which could include monetary sanctions, as well as the entry of a default judgment against defendant Lambert in this matter.

It is further ORDERED that the Clerk of Court shall enter defendant's address on the docket and send him a copy of this Minute Order, the Scheduling Order (Docket No. 21), and the Trial Preparation Order (Docket No. 22).  Defendant Lambert's address is 4230 NW Macintosh Rd., Camas, WA 98607.

Also before the court is the plaintiff's Motion to Compel Production of Computer Hard Drives (Docket No. 27).  No response was filed, and thus the motion is deemed confessed.  Substantially for the reasons stated in the motion, it is hereby ORDERED that the plaintiff's Motion to Compel Production of Computer Hard Drives (Docket No. 27) is GRANTED.  The discovery sought by plaintiff is relevant to plaintiff's claims and in fact is listed in defendant's initial disclosures.  It is thus further

ORDERED that on or before May 30, 2014, defendant Jeremy Lambert shall provide to counsel for plaintiff electronically stored information in the physical form of hard drives or mirrors thereof which include information which reflects, refers, or relates to the copying storage, downloading, uploading, and misappropriation of plaintiff's copyrighted works from November 2012 to the date of this Minute Order.  It is further

2

      ORDERED that on or before June 4, 2014, defendant Lambert shall show cause in writing to this court why he should not have to pay plaintiff's reasonable expenses, including attorney fees, incurred in making the motion to compel (Docket No. 27), including any circumstances that make an award of expenses unjust, pursuant to Fed. R. Civ. P. 37(a)(5)(A).

Date: May 13, 2014