**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-02828-MSK-MJW**

**JAMES S. GRADY,**

    **Plaintiff,**

**v.**

**JEREMY LAMBERT,**

    **Defendant.**

_____

**OPINION AND ORDER GRANTING, IN PART, MOTION FOR SUMMARY JUDGMENT**
_____

    **THIS MATTER** comes before the Court pursuant to Mr. Grady's Motion for Summary Judgment **(# 34)**. Mr. Lambert filed no response.

## FACTS

    Mr. Grady is a photographer, holding the copyright in numerous images of "teenaged glamour models." Mr. Grady posts those images on a commercial website, trueteenbabes.com, and users pay a subscription fee to access and view those photographs. At some point prior to early 2013, Mr. Lambert subscribed to trueteenbabes.com and downloaded a large number of Mr. Grady's copyrighted images. In April and May 2013, Mr. Lambert reposted those images on another website, xbbs.asia, without Mr. Grady's permission. Mr. Lambert encouraged other xbbs.asia users to download the images.

    Based on these allegations, Mr. Grady asserts five claims against Mr. Lambert: (i) – (iii) direct, contributory, and vicarious copyright infringement respectively under the Copyright Act, 17 U.S.C. § 501; (iv) trademark infringement on a false designation of origin theory, 15 U.S.C. §

1125(a), in that Mr. Lambert's postings on xbbs.asia were likely to deceive customers as to the source of the photos displayed; and (v) trademark dilution under 15 U.S.C. § 1125(c), in that Mr. Lambert's actions caused Mr. Grady's works "to intermingle with images of poor quality or of an offensive or illegal nature."

The record reflects that Mr. Lambert did not respond to discovery, including numerous Requests for Admission by Mr. Grady. This results in Mr. Lambert admitting the requested information. Fed. R. Civ. P. 36(a)(3), (b). Mr. Lambert also submitted a written statement that could be understood as a general admission of culpability.[1] Based on this and other evidence, Mr. Grady moves **(# 34)** for summary judgment in his favor on all three copyright claims and the false designation of origin trademark claim. Notably, Mr. Grady's motion does not address the issue of damages whatsoever; the final paragraph of his motion merely requests relief in the form of "an order granting summary judgment . . ., for an order enjoining [Mr. Lambert] from directly or indirectly infringing on [the copyrights] . . ., and for such other and further relief as the Court deems just and proper." Mr. Lambert did not respond to the motion.

## ANALYSIS

**A. Standard of review**

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs

---

[1] That statement reads, in its entirety, "I had [my] computer in my car to get it mirrored [in response to a discovery request] but it was stolen. I admit that I did it. I am sorry for what I did. There is no excuse for my actions and it will never happen again. I have never done anything in the past to get me into trouble. I do not have a job or money and am in the process of applying for disability. I do not own any property or vehicles. I am more than willing to do community service if that is what is desired."

what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

When the non-movant fails to respond to a motion for summary judgment, that does not mean that the movant necessarily prevails. Failure to respond certainly results in a determination that no trial is needed because there are no disputed issues of fact, but whether the movant is

entitled to judgment in its favor as a matter of law depends upon the evidence presented in support of the motion.

### B. Copyright claims

To establish a claim of direct copyright infringement, Mr. Grady must show: (i) that he held a valid copyright in a particular work; (ii) that Mr. Lambert copied and distributed some protectable constituent element(s) of that work. *Stan Lee Media, Inc. v. Walt Disney Co.*, 774F.3d 1292, 1299 (10th Cir. 2014).

Mr. Grady's photographs are grouped into collections or folders, and Mr. Grady has copyrighted those photos by folder name (*e.g.* Brianna Nicole TTB002, Brittany MarieTTB009). Mr. Grady has tendered a chart that identifies the date on which Mr. Lambert posted photos to xbbs.asia, the number of photos posted, the folder or collection name from which those photos were derived, and the Copyright Certificate number for each such collection. Mr. Grady has also provided the pertinent Copyright Certificates for each folder, each of which name him as the registrant. Without contradictory evidence from Mr. Lambert, the Court finds that Mr. Grady has established that he holds the copyrights in the photographs that are at issue. Pursuant to 17 U.S.C. § 106(5), ownership of the copyright in the photos entitled Mr. Grady to the exclusive right to publicly display the photos.

Mr. Grady asserts in his affidavit and the accompanying table that Mr. Lambert posted some 33,830 pictures and 45 videos belonging to Mr. Grady to the xbbs.asia site. Mr. Grady requested that Mr. Lambert admit to having made such postings; Mr. Lambert's non-response to that request constitutes an admission by him to having done so. Similarly, Mr. Lambert did not respond to Mr. Grady's request that he admit that he published the photos without Mr. Grady's permission and that the publication of those photos to xbbs.asia allows others to view, download,

Once again, Mr. Lambert's failure to deny these requests constitute admissions as to their truth. Thus, the Court finds that Mr. Grady has adequately established that Mr. Lambert directly infringed Mr. Grady's copyright in the images under 17 U.S.C. § 501, entitling Mr. Grady to a remedy.

Mr. Grady also asserts separate claims for secondary liability against Mr. Lambert under theories of vicarious and contributory infringement. Contributory infringement occurs when a defendant "causes or materially contributes to another's infringing activities," knowing such infringement to be occurring, such as when a defendant authorizes and encourages others to engage in infringement. *Diversey v. Schmidly*, 738 F.3d 1196, 1204 (10th Cir. 2013); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005). Vicarious liability arises when a defendant profits from direct infringement committed by others while declining to exercise a right or power to stop it; that is, when the defendant has both "the right and ability to supervise the infringing activity" and "a direct financial interest in the activity." *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1071 (9th Cir. 2013); *Grokster*, 545 U.S. at 930.

The Court need not reach Mr. Grady's theories of secondary infringement for several reasons. First, having already succeeded on his claim of direct infringement, Mr. Grady obtains nothing more by way of remedy from proving in the alternative that Mr. Lambert could also be liable for vicarious or contributory infringement. Second, the Court finds that the instant record would not support a claim for any form of secondary infringement, as the record does not reflect that any person <u>other than</u> Mr. Lambert infringed Mr. Grady's copyrights. At best, Mr. Grady's affidavit mentions that Mr. Lambert "encouraged other users of [xbbs.asia] to upload other images of [Mr. Grady's] works so as to 'complete the collection'," but Mr. Grady does not affirmatively assert the existence of any other person that actually did so. Third, even assuming

that Mr. Grady could show that Mr. Lambert was successful in encouraging others to also infringe Mr. Grady's copyrights, a claim for vicarious liability would not lie because Mr. Grady asserts no facts showing that Mr. Lambert had the ability to control any other person's infringing activities, nor that he had any direct financial interest in doing so.  Accordingly, the Court denies Mr. Grady's request for summary judgment on his secondary copyright infringement claims.

That leaves the question of an appropriate remedy for Mr. Lambert's direct infringement. 17 U.S.C. § 502 provides for a permanent injunction to be entered against an infringing defendant, and Mr. Grady's motion expressly requests such relief against Mr. Lambert.  15 U.S.C. § 503 provides for impounding infringing articles, a remedy that is impractical in the circumstances presented here.  15 U.S.C. § 504 permits a copyright owner to obtain an award of actual damages and profits or statutory damages against an infringer.  Although Mr. Grady's Complaint requests statutory damages for each infringement, Mr. Grady's motion does not request (much less set forth a case justifying) such an award, or otherwise propose the issue of damages be resolved at some future time.  Given that Mr. Grady is represented by counsel and given other evidence in the record, such as Mr. Lambert's written "admission" that states that he has no money or property, the Court does not assume that Mr. Grady's failure to request a damage award to be an oversight.  Accordingly, the Court will grant Mr. Grady a permanent injunction against Mr. Lambert infringing upon his copyrights in the future, but will not award any other relief.

### C. Trademark claim

To establish a claim for false designation of origin under the Lanham Act, Mr. Grady must show:  (i) that he has a protectable interest in the mark "TRUE TEEN BABES"; (ii) that Mr. Lambert has used an identical or similar mark in commerce; and (iii) that Mr. Lambert's use

of the mark is likely to confuse consumers as to the source of Mr. Grady's or Lambert's goods or services. *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1238 (10th Cir. 2013).

The Court will assume, for purposes of this analysis, that Mr. Grady has a protectable interest in the mark and that Mr. Lambert's republishing of the photos on xbbs.asia included Mr. Grady's mark on the photos. But Mr. Grady has not come forward with evidence that, when reposting the photos, Mr. Lambert was engaging in "commerce"; that is, Mr. Grady has not shown that Mr. Lambert was himself attempting to sell any goods or services himself. The Lanham Act is designed to "protect the ability of consumers to distinguish among competing producers" of goods and services, and "not to prevent all unauthorized uses" of a mark. *Utah Lighthouse Ministry v. Foundation for Apologetic Information and Research*, 527 F.3d 1045, 1052-52 (10th Cir. 2008) (emphasis added). Here, there is nothing in the record that indicates that Mr. Lambert was attempting to sell Mr. Grady's work under his own name or was using Mr. Grady's work to promote some goods or services that Mr. Lambert was attempting to sell. Rather, this appears to be a simple case in which a consumer of Mr. Grady's goods improperly shared those goods with other consumers, obtaining nothing more than thanks in return. This is insufficient to support a trademark claim. *Id.* at 1054 (noting that "not [every] use of the Internet is necessarily commercial for the purposes of the Lanham Act," and proof that defendant made online use of another's mark, but "not in connection with any goods or services" was insufficient to support a trademark claim). Accordingly, Mr. Grady's request for summary judgment on his trademark claim is denied.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Mr. Grady's Motion for Summary Judgment **(# 34)**. The Court grants summary judgment to Mr.

7

Grady on his claim of direct copyright infringement against Mr. Lambert, but denies the motion in all other respects.  The Court permanently **ENJOINS** Mr. Lambert from infringing upon any of Mr. Grady's copyrights, including copying, republishing, or reposting Mr. Grady's copyrighted photographs, videos, or other materials, in any public or private forum or medium, without first obtaining Mr. Grady's permission.  The Clerk of the Court shall enter judgment consistent with this Order.

Dated this 29th day of September, 2015.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge